437 P.2d 195

Bryce E. ROE, Ralph L. Jerman and B. L. Dart, Jr., doing business as Roe, Jerman & Dart, a partnership, and Roe, Jerman & Dart, a business partnership, Plaintiffs and Respondents,

v.

SALT LAKE CITY, a municipal corporation, Defendant and Appellant.

No. 10974.

Supreme Court of Utah.

Jan. 23, 1968.

Homer Holmgren, Salt Lake City Atty., Salt Lake City, for defendant and appellant.

Robert S. Campbell, Jr., Gordon L. Roberts, Salt Lake City, for plaintiffs and respondents.

HENRIOD, Justice:

Appeal from a summary judgment in a case brought under the declaratory judgment act,[1] declaring a city ordinance[2] designed to raise revenue by taxing "businesses," unconstitutionally discriminatory against "law partnership-business" because of the imposition of a higher tax against such "businesses" than that imposed against other and nonprofessional "businesses." Affirmed, with no costs on appeal awarded.

1. Title 78–33–1 et seq., Utah Code Annotated 1953.

2. Sec. 20–3–2(a), as amended, Revised Ordinances of Salt Lake City: "License tax levied. (a) There is hereby levied upon the business of every person engaged in business in Salt Lake City * * * an annual license fee of $30.00 per place of business, plus an additional fee of $3.00 for each and

The City relies heavily on Davis v. City of Ogden[3] in support of its position that the ordinance is not discriminatory. Strangely enough, this law firm relies even heavier on the same case in support of its position that the ordinance *is* discriminatory. We think the latter is right. In the Davis case, involving an income tax revenue device, the tax was assessed against all businesses, including lawyers, but it had nothing to do with any situation like that here, where a "business" was carved up into several separate "businesses," each lawyer in the fiatically chopped-up partnership being "deemed to be engaged in a *separate* business," all by himself. So the Davis case seems to be out the window in the instant case. What a city "deems" to be a "separate business," isn't necessarily so, and does not ipso facto render it such at the deeming of it. It is a matter of look-ing to the legislation involved, the facts of life, the authority delegated and the like, to determine if the deeming is constitutionally discriminatory, wise, naive or otherwise, and whether it either is in or out of tune with basic constitutional sanctions.

The authorities cited by the City factually are different. Significantly either in the law of the cases mentioned or in their dicta, they more or less agree with the position taken by this court. The ordinance here attempted to pour unconstitutional salt in the plaintiffs' wounds, but in doing so has salined its own parchment.

The ordinance here starts out by taxing all businesses. This is the class, the members of which constitutionally must be treated uniformly and equally. The second paragraph negates this premise. It is conceded that the few professions named in the ordinance were swimming in the general

every employee, exceeding one, engaged in the operation of said business.
* * *
"Each person engaged in the business of practicing the following professions in Salt Lake City, to-wit:

| | |
|---|---|
| a. Accountant | j. Income tax service |
| b. Appraiser | k. Optometrist |
| c. Architect | l. Osteopathic physician |
| d. Attorney-at-law | m. Physician and surgeon |
| e. Attorney patent | n. Doctor of medicine |
| f. Chiropodist | o. Surveyor |
| g. Chiropractor | p. Psychotherapist |
| h. Dentist | q. Psychologist |
| i. Civil, structural, mining or consultant engineer | r. Physical therapist |
| | .s. Naturopathic physician |
| | t. Radiologist |

*shall be deemed to be engaged in a separate business* * * * subject to the payment of the license fee as levied hereinabove * * * whether such person engages or carries on such profession as a copartner, a stockholder in a professional or other corporation, or as an associate in an association of persons."

3. 117 Utah 315, 215 P.2d 616, 223 P.2d 412, 16 A.L.R.2d 1208 (1950).

268.

classification stream, but were fished out by a legislative Izaak Walton, and no longer were members of the classified piscatorial school, losing their kinship and association with the other denizens of the deep. No kind of syllogistic reasoning can justify the conclusion that these handpicked businesses could be members of the general classification, treated equally and uniformly, and yet, being such, should be required to pay a higher tax. (Emphasis added.)

CROCKETT, C. J., and CALLISTER and TUCKETT, JJ., concur.

ELLETT, J., concurs in the result.